UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                                       Chapter 7

BUTH-NA-BODHAIGE, INC.,                                      Case No. 24-10392 (DSJ)

                                  Debtor.
---------------------------------------------------------x

**ORDER GRANTING TRUSTEE'S APPLICATION FOR
ENTRY OF AN ORDER AUTHORIZING THE RETENTION OF
CUSHMAN & WAKEFIELD AS REAL ESTATE BROKER TO MARKET
AND SELL THE DEBTOR'S REAL PROPERTY**

Upon consideration of the application (the "Application") of Kenneth P. Silverman, Esq., the chapter 7 trustee (the "Trustee") of the estate of Buth-Na-Bodhaige, Inc. (the "Debtor"), seeking authority to employ Cushman & Wakefield (the "Broker") as the Trustee's real estate broker to market and sell the Debtor's real property known as and located at 5036 One World Way, Wake Forest, North Carolina (the "Real Property"); and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and the Court having found that good and sufficient cause exists for granting the Application; and it appearing that the relief requested in the Application is appropriate in the context of this case and in the best interests of the Debtor and its estate, its creditors, and all other parties-in-interest; it is hereby

**ORDERED** that the Application is granted as set forth herein; and it is further

**ORDERED** that pursuant to §327(a) of Title 11, United States Code (the "Bankruptcy Code"), the Trustee is authorized to retain the Broker as his real estate broker to market and sell the Real Property; and it is further

**ORDERED** that, subject to an appropriate application and further order of this Court, the Broker shall be paid a total of two and one-half percent (2.5%) of the total sale price; and it is further

**ORDERED**, that all compensation and reimbursement of expenses to be paid to the Broker shall be subject to prior application to, and award by, this Court, pursuant to Bankruptcy Code §§330 and 331, the Bankruptcy Rules, the Local Rules, and applicable law; and it is further

**ORDERED**, that in the event of a discrepancy between the terms of this Order and the Broker Affidavit, the terms of this Order shall control; and it is further

**ORDERED**, that the terms of Broker's retention may not be modified without Court approval; and it is further

**ORDERED**, that, notwithstanding any provision to the contrary in the Application, Broker Affidavit or the Listing Agreement, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to the Application, Broker Affidavit, Listing Agreement and the implementation of this Order.

Dated: New York, New York
      June 10, 2024

                                              *s/ David S. Jones*
                                              HONORABLE DAVID S. JONES
                                              UNITED STATES BANKRUPTCY JUDGE

NO OBJECTION:

*s/ Mark Bruh*
Office of the United States Trustee