UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:                                                                                         Chapter 7

BUTH-NA-BODHAIGE, INC.,                                                      Case No.: 24-10392 (DSJ)

                     Debtor.
-------------------------------------------------------------------x

**ORDER GRANTING CHAPTER 7 TRUSTEE'S SECOND
OMNIBUS MOTION FOR AN ORDER (I) AUTHORIZING AND
APPROVING REJECTION OF CERTAIN UNEXPIRED LEASES OF
NONRESIDENTIAL REAL PROPERTY PURSUANT TO 11 U.S.C. § 365
AND BANKRUPTCY RULE 6006, (II) AUTHORIZING AND APPROVING
STIPULATIONS FIXING CLAIMS ARISING FROM REJECTION OF CERTAIN
LEASES PURSUANT TO BANKRUPTCY RULE 9019, AND (III) AUTHORIZING
AND APPROVING ABANDONMENT OF PERSONAL PROPERTY
PURSUANT TO 11 U.S.C. § 554 AND BANKRUPTCY RULE 6007**

Upon the motion (the "Motion")[1] of Kenneth P. Silverman, Esq., the chapter 7 trustee (the "Trustee") of the bankruptcy estate of Buth-Na-Bodhaige, Inc. (the "Debtor"), seeking the entry of an order (i) authorizing and approving the rejection of certain unexpired leases of nonresidential real property (collectively, the "Leases") pursuant to section 365 of title 11, United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure the (the "Bankruptcy Rules"), (ii) authorizing and approving stipulations (collectively, the "Stipulations") fixing claims arising from the rejection of certain leases pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 9019, (iii) authorizing and approving the abandonment of the Debtor's personal property pursuant to section 554 of the Bankruptcy Code and Bankruptcy Rule 6007, and (iv) for such further relief as the Court deems proper; and upon the Declaration of Kenneth P. Silverman, Esq. filed in support of the Motion, annexed to the Motion as **Exhibit B**; ~~and upon the hearing on the Motion held before the Court on June 13, 2024 (the "Hearing"), the~~

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

~~transcript of which is incorporated herein by reference~~; and notice of the Motion, the **hearing on the Motion**~~Hearing~~, and the relief sought in the Motion having been good and sufficient under the circumstances; **and upon the Certificate of No Objection filed on June 10, 2024, pursuant to Local Rule 9075-2**; and the Court having determined that the legal and factual bases set forth in the Motion establishing sufficient cause for the relief requested; now, therefore, [**DSJ 6/11/2024**]

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted.

2. The Stipulations, annexed to the Motion as **Exhibits C, D and E**, are hereby approved.

3. Liberty Place Retail Associates L.P. shall have an allowed general unsecured claim against the Debtor's estate in the amount of $134,867.90.

4. Bellwether Properties of Massachusetts Limited Partnership, SDG Fashion Mall Limited Partnership, Florida Mall Associates, LTD., Milpitas Mills Limited Partnership, Meadowood Mall SPE, LLC, Shopping Center Associates, Newport Centre, LLC, The Retail Property Trust, Sunrise Mills (MLP) Limited Partnership, SouthPark Mall Limited Partnership, Simon Property Group (Texas), L.P., and Del Amo Fashion Center Operating Company, L.L.C. (collectively, the "Simon Landlord") shall have an allowed general unsecured claim against the Debtor's estate in the amount of $1,429,197.55.

5. HSC Property Owner LLC shall have an allowed general unsecured claim against the Debtor's estate in the total amount of $44,554.80.

6. The Leases shall each be deemed rejected pursuant to Bankruptcy Code § 365(a) as of the dates set forth in the Stipulations.

7. The abandonment of the Debtor's personal property remaining in the premises subject to Leases is hereby approved, as set forth in the Stipulations. The Trustee is authorized to take any and all actions reasonably necessary to perform or enforce any and all obligations contemplated by this Order.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
June 11, 2024

        *s/ David S. Jones*
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE